OPINION
{¶ 1} This is an appeal of the judgment of the Ashtabula County Court of Common Pleas denying the motion of appellant, Jeffrey O. Hamilton, requesting early judicial release.
 {¶ 2} On July 19, 1999, appellant entered a plea of guilty to one count of attempted rape, a felony of the second degree, in violation of R.C. 2923.02 and 2907.02(A)(1), and two counts of gross sexual imposition, felonies of the third degree, in violation of R.C.2907.05(A)(3). On November 12, 1999, following a hearing, appellant was sentenced to a term of four years in prison for the attempted rape conviction and three years for each of the sexual battery convictions, to be served concurrently with each other and consecutive to the sentence of attempted rape.
 {¶ 3} On May 10, 2000, appellant filed a motion for early judicial release. Appellant withdrew his motion for early judicial release on June 22, 2000. The trial court granted appellant permission to withdraw his motion on the same day. On September 21, 2000, appellant filed a second motion for early judicial release. This motion was also withdrawn, on November 1, 2000, with leave of the court. On March 7, 2001, appellant filed a third motion for early judicial release. On April 25, 2001, the trial court overruled appellant's motion, finding that the motion was not timely filed, because appellant had not yet served five years of his seven-year sentence, as required by R.C. 2929.20(B).
 {¶ 4} Appellant timely appealed and raises the following assignment of error:
 {¶ 5} "[t]he trial court erred in applying O.R.C. 2929.20(B) retroactively when denying the defendant-appellant's motion for early judicial release."
 {¶ 6} In his assignment of error, appellant argues that the trial court violated his rights under the Ohio Constitution by applying R.C.2929.20(B) retroactively. Appellant claims that, because the effective date of the current version of R.C. 2929.20 was March 23, 2000, and he was sentenced on November 12, 1999, this section of the statute does not apply to him, and his motion should be considered under the previous law.
 {¶ 7} Appellant is correct that he should be subject to the law as it existed at the time of his sentencing. He is incorrect, however, in his assertion that the trial court applied the current version of R.C.2929.20(B) to him.
 {¶ 8} At the time appellant was sentenced, R.C. 2929.20(B) read, in pertinent part:
 {¶ 9} "(3) [i]f the stated prison term is five years or more and less than ten years, the eligible offender shall file his motion after the eligible offender has served five years of the stated prison term." (Emphasis added.)
 {¶ 10} The version of R.C. 2929.20(B), which became effective on March 23, 2000, reads as follows:
 {¶ 11} "(3) [i]f the stated prison term is five years, the eligible offender may file the motion after the eligible offender has served four years of the stated prison term."
 {¶ 12} "(4) [i]f the stated prison term is more than five years and less than ten years, the eligible offender may file the motion after the eligible offender has served five years of the stated prison term." (Emphasis added.)
 {¶ 13} First, we note that because appellant was sentenced to seven years in prison, under either version of R.C. 2929.20, his motion for judicial release is untimely; both require him to serve five years of his sentence before he is eligible to file this motion. An analysis of the trial court's judgment entry, however, reveals that the trial court was considering the version of R.C. 2929.20 that was in effect at the time of appellant's sentence when reaching its conclusion that appellant's motion was untimely.
 {¶ 14} In the court's judgment entry, it states:
 {¶ 15} "Ohio Revised Code § 2929.20(B) provides that where a defendant has been sentenced to a prison term of five years or more, but less than ten years, he is not eligible to file his Motion for Judicial Release until he has served five years of his prison term." (Emphasis added.)
 {¶ 16} The court's paraphrase of the statute as "five years or more," rather than "more than five years," mirrors the language of the earlier statute, and shows that it was the earlier statute that was under consideration when the court made its decision. Thus, because the court used the correct version of the statute, appellant's assignment of error is without merit.
 {¶ 17} At oral argument, appellant raised, for the first time, the argument that, at his Crim.R. 11 guilty plea hearing, he was not informed that he would not be eligible for early release until after he had served five years of his sentence. An issue raised for the first time in oral argument and not assigned as error in the appellate brief is generally untimely. State v. Chambers (July 13, 2000), 10th Dist. No. 99AP-1308, 2000 Ohio App. LEXIS 3104, at *18. In addition, pursuant to App.R. 12(A)(2), an appellate court may disregard assignments of error that are not separately argued in the briefs. We decline to consider appellant's untimely, unbriefed argument.
 {¶ 18} We point out, however, that even if we desired to do so, we are unable to consider appellant's argument for several reasons. First, in his notice of appeal, appellant appealed from the trial court's judgment on his motion for early release but not from the trial court's judgment accepting his guilty plea and imposing sentence. Second, if appellant had included the trial court's judgment of sentence in his notice of appeal, appeal from that judgment should have been taken by December 13, 2000. The instant appeal was filed on March 24, 2001, well after the time for direct appeal of appellant's guilty plea had expired. Finally, appellant failed to provide this court with a transcript of his Crim.R. 11 guilty plea hearing. Without a transcript of the hearing, we would be unable to decide appellant's argument.
 {¶ 19} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.